IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROXANNE DAUGHERTY, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-14-3306 |
| CONVERGENT OUTSOURCING, INC. and LVNV FUNDING, LLC, | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending are Defendant LVNV Funding, LLC's Motion to Dismiss (Document No. 7) and Defendant Convergent Outsourcing, Inc.'s Motion to Dismiss (Document No. 12). After having carefully considered the motions, responses, replies, supplemental brief, and applicable law, the Court concludes that the motions should be granted.

## I. Background

Plaintiff Roxanne Daugherty ("Plaintiff") brings this suit against Defendants LVNV Funding, LLC ("LVNV") and Convergent Outsourcing, Inc. ("Convergent" and collectively with LVNV, "Defendants"), alleging that she received a January 23, 2014 letter from Convergent that violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.*[1] Plaintiff alleges

[1] Document No. 1 (Orig. Compl.).

that she is obligated "to pay a debt owed or due, or asserted to be owed or due to a creditor other than Convergent," arising from transactions she incurred on a personal credit card.[2] She alleges that LVNV is "an entity who acquires debt in default merely for collection purposes," and that it acquired her debt after her default and retained Convergent to collect the debt.[3] Convergent's January 23, 2014 letter about which Plaintiff complains (the "Offer Letter") was titled "Settlement Offer," and represented that Plaintiff owed LVNV on her account a total balance of $32,405.91, consisting of $12,824.24 in principal and $19,581.67 in interest, and that LVNV was willing to settle the account in full for $3,240.59. The Offer Letter stated:

> This notice is being sent to you by a collection agency. The records of LVNV Funding LLC show that your account has a past due balance of $32,405.91.
>
> Our client has advised us that they are willing to settle your account for 10% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 60 days of this letter. Your settlement amount would be $3,240.59 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

---

[2] Id. ¶ 10.

[3] Id. ¶¶ 8, 13-15.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION**[4]

At the close of the Offer Letter there was a detachable form available to be included with payment, which invited the debtor to "Select Your Plan" from three proposals: (1) a "Lump Sum Settlement Offer of 10%," which reiterated the above offer to pay $3,240.59 to settle Plaintiff's account in full; (2) a "Settlement Offer of 25% & Pay Over 3 Months," which allowed Plaintiff to pay $2,700.49 for three months for a settlement of $8,101.48; and (3) an offer for Plaintiff to "Spread Your Payments Over 12 Months," which allowed Plaintiff to pay off the entire balance of the account by making $2,700.49 payments for 12 months.[5] The Offer Letter contained no mention, express or implied, of a lawsuit or threat of a lawsuit.

Plaintiff does not allege that she was "interested in taking advantage of this offer," or that she called Convergent's office "within 60 days of this letter" as she was invited to do if she were interested in the settlement offer, or that she had any interaction with Convergent or with LVNV during those 60 days or

---

[4] Id. ¶¶ 16-18; id., ex. A at 2 of 3.

[5] Id., ex. A at 3 of 3.

thereafter. Nor does she allege that she made any payment or partial payment of her debt. Nearly 10 months later, however, on November 18, 2014, Plaintiff filed this suit to recover statutory damages of $1,000, non-specified "actual damages," and attorneys' fees.

Plaintiff alleges--without citation to any subsection either of 15 U.S.C. 1692e or of 1692f--that the Offer Letter violated those sections because (1) it did not disclose that Plaintiff may incur tax liability for the forgiven debt and (2) it failed "to advise that the Debt was outside the applicable statute of limitations," or that "partial payment would have revived the statute of limitations," which Plaintiff alleges is "unconscionable."[6] LVNV and Convergent move to dismiss Plaintiff's suit for failure to state a claim.[7]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v.

---

[6] Id. ¶¶ 18-23.

[7] Document Nos. 7, 12.

Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

## III. Analysis

It is undisputed that Plaintiff was a "consumer," that she owed a "debt," and that Defendants were "debt collectors" within the meaning of the FDCPA and properly identified themselves as such as required by the FDCPA.[8] Plaintiff argues that the Offer Letter was a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of section 1692e, and constituted an "unfair or unconscionable means to collect or attempt to collect any debt, in violation of section 1692f."[9] 15 U.S.C. §§ 1692e, 1692f. Each of these two sections includes long lists of specific conduct that such section identifies, respectively, as "false, deceptive, or misleading representation or means," or "unfair or unconscionable means," in collecting a debt. None of these subsections is cited by Plaintiff and, indeed, none of them states that in connection with the

---

[8] *See* 15 U.S.C. § 1692a(3) ("The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."); id. § 1692a(5) ("The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."); id. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.").

[9] Document No. 1 ¶¶ 24-27.

collection of a debt legal advice must be given on a debtor's potential income tax obligations or on state statutes of limitations for lawsuits where no lawsuit is mentioned or threatened, either expressly or impliedly.

A. Not Providing Advice on Possible Tax Consequences of Debt Forgiveness

Plaintiff alleges that the Offer Letter "did not disclose that [if Plaintiff accepted the offer to settle the debt for 10% of the balance due] Convergent or LVNV would be required by the IRS to report the forgiven $29,165.32 as Plaintiff's income, and issue a form 1099-C," and that accordingly, "Defendant's representation that Plaintiff's payment obligations would be satisfied in full is misleading, where Plaintiff would also have to pay an additional amount due to the proposed settlement."[10]

Courts confronted with this argument have uniformly held that non-lawyer debt collectors have no obligation under the FDCPA to disclose in dunning letters possible tax consequences of debt forgiveness. Most recently, the Second Circuit last month held that a similar letter offering settlement of the debtor's account for a lump-sum payment equal to a "savings of 48% on your outstanding account balance" did not violate the FDCPA for omitting advice on the possible tax consequences of the forgiven portion of

[10] Id. ¶¶ 19-20.

the debt. *See* Altman v. J.C. Christensen & Associates, Inc., No. 14-2240-CV, 2015 WL 2242398, at *1 (2d Cir. May 14, 2015) ("We . . . hold that a debt collector need not warn of possible tax consequences when making a settlement offer for less than the full amount owed to comply with FDCPA."). *See also* Rigerman v. Forster & Garbus LLP, No. 14-CV-1805 MKB, 2015 WL 1223760, at *4 (E.D.N.Y. Mar. 16, 2015) ("There is no language in the FDCPA that requires a debt collector to notify a debtor of the potential tax consequences of any debt forgiveness.") (finding dunning letter not misleading); Schaefer v. ARM Receivable Mgmt., Inc., No. CIV.A. 09-11666-DJC, 2011 WL 2847768, at *5 (D. Mass. July 19, 2011) ("The language of the FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt. . . . [R]equiring, as a matter of law, debt collectors to inform a debtor of such a potential collateral consequence of settling a pre-existing debt seems far afield from even the broad mandate of FDCPA to protect debtors from abusive debt collection practices."); Landes v. Cavalry Portfolio Servs., LLC, 774 F. Supp. 2d 800, 802-03 (E.D. Va. 2011) ("Boiled down to its essence, the Complaint essentially amounts to a claim that [defendant] violated the FDCPA by failing to advise [plaintiff] and other consumers of the tax consequences of accepting a discount of their debt. However, there is no language anywhere in the FDCPA that mandates such affirmative

disclosures by a debt collector.”).[11] Accordingly, Plaintiff’s FDCPA claim based on Defendants’ not having given to her advice on possible tax consequences if she agreed to the settlement offer is dismissed.

B. Not Providing Advice on Statute of Limitations for a Lawsuit Where No Lawsuit is Mentioned or Threatened

Plaintiff alleges that the Offer Letter “failed to advise that the Debt was outside the applicable statute of limitations period,” and that “Defendant’s offer to accept $2,700.49 as a partial payment toward the total Debt balance without disclosing that Plaintiff was not obligated to make such partial payment or that Plaintiff could not be sued is unconscionable, where Plaintiff’s partial payment would have revived the statute of limitations period to collect the Debt.”[12] Plaintiff primarily argues that the

---

[11] Landes also noted that debt collectors who--like Defendants in this case--are not lawyers were prohibited under state law from providing tax advice. 774 F. Supp. 2d at 804 (“Cavalry is simply a debt collection agency; it is not a law firm or an accounting firm of any sort. . . . Cavalry is therefore not licensed or authorized by law to give legal or tax advice. . . . It is therefore facially implausible for Landes to assert that Cavalry’s failure to risk criminal sanctions by providing her with tax advice regarding a specific debt reduction offer somehow constituted a violation of the FDCPA.”). In the only case to have found that failure to disclose the tax consequences of forgiven debt might violate the FDCPA, the defendant was a law firm. Ellis v. Cohen & Slamowitz, LLP, 701 F. Supp. 2d 215 (N.D.N.Y. 2010); *see also* Landes, 774 F. Supp. 2d at 805 (“[Ellis] is inapposite, as it involved a *law firm* that sent misleading letters to consumers offering savings on a debt owed to a bank.”) (emphasis in original).

[12] Document No. 1 ¶¶ 22-23.

Offer Letter was misleading in violation of § 1692e because "it could mislead the reader into believing that the debt is legally enforceable or that collection could be achieved through judicial means," but "if the Court does not find that the Letter was misleading or deceptive . . . it may still find that the Letter is an unfair or unconscionable means to collect a debt" in violation of § 1692f.[13]

The Fifth Circuit "evaluate[s] any potential deception in [a dunning] letter under an unsophisticated or least sophisticated consumer standard," which "assume[s] that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." McMurray v. ProCollect, Inc., 687 F.3d 665, 669 (5th Cir. 2012) (quoting Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004)). This standard "serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." Id. (quoting Taylor v. Perrin, Landry deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997)).

Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and lists 16

[13] Document No. 13 at 3, 8.

non-exclusive examples of specific conduct that violate this section. 15 U.S.C. § 1692e. As observed above, Plaintiff in her Complaint alleges no violation by Defendants of any of the long list of conduct listed by Congress as deceptive or misleading and specifically proscribed to protect consumers. Indeed, Plaintiff has not alleged that the letter contains any false statement or misrepresentation. Instead, Plaintiff broadly pleads that the Offer Letter is "false, deceptive, or misleading" because receipt of an offer to settle the account for a fraction of what is owed "could mislead the reader" into believing the debt was legally enforceable or that collection could be achieved through judicial means.[14]

In this instance, the debt is not disputed, and there is no allegation that it is not a lawful existing debt of Plaintiff. Courts have regularly held that it is not a violation of the FDCPA to attempt to collect an actual debt for which the statute of limitations has run so long as the debt collector does not file or threaten the filing of litigation. "[T]he majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable,[15] the

[14] Document No. 13 at 3.

[15] This is true under Kentucky law, upon which Plaintiff appears to rely. *See* Reamer's Ex'r v. Coleman, 10 S.W.2d 1095, 1097 (1928) ("A statute does not invalidate the debt, but merely renders it unenforceable. The debt is still in existence, but

FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32-33 (3d Cir. 2011) (collecting cases and affirming dismissal of claims under §§ 1692e and 1692f because dunning letter did not threaten litigation). *See also, e.g.*, Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001) ("Here, no legal action was taken or even threatened. As several cases have noted, a statute of limitations does not eliminate the debt; it merely limits the judicial remedies available. We . . . hold that, in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.") (rejecting claims under §§ 1692e and 1692f).

Last year, however, the Seventh Circuit gave a contrary interpretation to the FDCPA, expressly recognizing that its decision "conflicts with that of the Eighth and Third Circuits" in Freyermuth and Huertas. *See* McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1020 (7th Cir. 2014). McMahon held that offers to "settle" time-barred debts could mislead consumers into believing that the debt was judicially enforceable, in violation of the FDCPA.

---

until the bar of the statute of limitations is removed no legal method for its collection is available to the creditor.").

Relying in large part upon a 2013 FTC report newly recommending such a result and an invited amicus brief filed jointly by the FTC and the recently created Consumer Financial Protection Bureau,[16] the Seventh Circuit concluded that "an unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'" Id. at 1020. Early this year, the Sixth Circuit in a 2-1 decision followed McMahon's precedent. Buchanan v. Northland Grp., Inc., 776 F.3d 393 (6th Cir. 2015) (finding fact issue as to whether dunning letter's "settlement offer" could mislead an unsophisticated consumer into thinking her lender could enforce the debt in court). Plaintiff argues this Court should follow these two decisions, which dramatically expand upon the accepted interpretation of the FDCPA that has prevailed for more than 35 years since its enactment.[17]

The Fifth Circuit appears not to have expressly decided this issue but, in a different context, Judge Dennis writing for the

---

[16] The Dodd Frank Wall Street Reform and Consumer Protection Act, enacted in July 2010, created the Consumer Financial Protection Bureau ("CFPB").

[17] One commentator attributes what he calls the "crusade against time-barred debt" in large part to the recent concerted advocacy of the FTC and CFPB "as the two agencies have authored joint *amicus* briefs in support of cases against debtor collectors that attempted to collect (without explicitly threatening suit on) time-barred debts." Thomas R. Dominczyk, Time-Barred Debt: Is It Now Uncollectable?, 33 No. 8 Banking & Fin. Services Pol'y Rep. 13 (August 2014).

court cited Freyermuth and quoted its holding that "[i]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." Castro v. Collecto, Inc., 634 F.3d 779, 783 (5th Cir. 2011) ("[T]hreatening to sue on time-barred debt may well constitute a violation of the FDCPA.") (citing, *inter alia*, Freyermuth's holding as quoted above). *See also* Johnson v. Capital One Bank, No. CIV. A. SA00CA315EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000) (Prado, J.) (dunning letter that threatened further collection efforts on time-barred debt did not violate FDCPA). Judge Prado, now a judge on the Fifth Circuit, wrote:

> [A] statute of limitations bar applies only to *judicial* remedies; it does not eliminate the debt. Creditors are entitled to attempt to pursue even time-barred debts, so long as they comply with the rules of the FDCPA. The collection language here is neither harassing nor threatening. It simply states that failure to challenge the debt will result in further collection efforts. There is no mention of legal remedies or of any remedy that the creditor may not legally pursue.

Id. (emphasis in original).

These decisions suggest that the Fifth Circuit is likely to follow the majority rule, which seems consistent with the text and purpose of the FDCPA. After all, Congress acted in 1977 on its findings of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors."

15 U.S.C. § 1692(a). The United States Senate Banking, Finance and Urban Affairs Committee had found:

> [D]ebt collection abuse by third party debt collectors is a widespread and serious national problem. Collection abuse takes many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.

S. REP. 95-382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. Congress's declared purpose for this remedial legislation was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

In the instant case there is no allegation that Plaintiff was not morally and legally obligated to pay to Defendants the account balance that was stated in the Offer Letter. Plaintiff does not contend that Defendants would have violated the FDCPA by demanding of Plaintiff full payment of the account balance in the sum of $32,405.91, notwithstanding the alleged unavailability of a legal remedy for Defendants to recover a judgment for such. Instead, in the Offer Letter, which in all respects complied with the stated requirements of the FDCPA, Defendants offered to settle Plaintiff's

account for 10 cents on the dollar, $3,240.59, "to clear this account in full." There is no threat of a lawsuit, express or implied, in the Offer Letter proposing to settle the account in full. The Court finds no plausibility in Plaintiff's contention that an offer to settle her "account in full" for pennies on the dollar--rather than to demand full payment of the entire $32,405.91--should reasonably cause an "unsophisticated consumer" who is "neither shrewd nor experienced in dealing with creditors" to believe she is being threatened with a lawsuit or that collection could be achieved through judicial means. Judge Raymond Kethledge's dissenting observation in Buchanan persuasively applies to the claim made here:

> The relevant perspective here is that of an unsophisticated debtor--an unsophisticated debtor, moreover, who by definition has received dunning letters for years *without a lawsuit ever having been brought against her*. In that context, the mere fact of another collection letter is itself no reason to think that a lawsuit might follow close behind. And the letter here says nothing about any lawsuit--which is good reason, so far the threat of a lawsuit is concerned, not to distinguish this letter from the legions of letters that surely preceded it. If anything, [debt collector's] willingness to settle the debt at a discount should make the letter seem less threatening, not more.

Buchanan, 776 F.3d at 401 (Kethledge, J., dissenting) (emphasis in original).

Defendants here did not engage in an "abusive debt collection practice" within the meaning of the FDCPA. Indeed, a reading of

the catalog of debt collector abuses listed in Sections 1692e and 1692f--none of which applies--demonstrates the stark contrast between what Congress regarded as "false, deceptive, or misleading representation or means" and "unfair or unconscionable means" to collect a debt, and Defendants' statutory-compliant, non-threatening written offer to settle in full a $32,405.91 past due account for $3,240.59.

Accordingly, Plaintiff has not stated a claim for which relief can be granted for violation of the FDCPA.

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendant LVNV Funding, LLC's Motion to Dismiss (Document No. 7) and Defendant Convergent Outsourcing, Inc.'s Motion to Dismiss (Document No. 12) are GRANTED and Plaintiff Roxanne Daugherty's claims are DISMISSED with prejudice.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 18th day of June, 2015.

Ewing Werlein, Jr.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE